IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                        Case No. 09-10099-04-JTM

ADRIAN PATTERSON,

Defendants.


MEMORANDUM AND ORDER


Patterson argues that the evidence was insufficient to show a knowing and voluntary conspiracy between himself and co-defendant Bernard Redd, with interdependence between the participants, to distribute five or more kilograms of cocaine. He argues that Redd's supplier, Richard Smart, did not directly know Patterson (Dkt. 233, at 2), and that the tape recordings presented to the jury did not show any explicit agreement to purchase cocaine, but "were more like window shopping," in that the tapes also indicated that Patterson did not have the money to purchase any drugs. (*Id*. at 2). He also states that there is no evidence that Patterson agreed to buy any specific amount of drugs from Redd. (*Id*. at 3).

In addition, citing *United States v. Morgan*, 835 F.2d 72, 82 (5th Cir. 1987), Patterson argues that possession of a large amount of drugs may give rise to an inference of intent to distribute, but will not by itself create an inference of conspiracy. Finally, Patterson contends the evidence from

witnesses Frederick Bradley and Richard Smart was inadmissible hearsay under *Bruton v. United States*, 391 U.S. 123 (1988).

The court finds that Patterson's motion should be denied. Patterson and Redd were tried before a jury on the charges presented in the Superseding Indictment, in which Patterson was charged with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; unlawful use of a telecommunications facility, in violation of 21 U.S.C. § 843; conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846; possession and attempted possession of marijuana with intent to distribute, in violation of U.S.C. § 841; and interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952. Redd chose to plead guilty during the course of the trial, and the jury subsequently deliberated for over two hours before convicting Patterson on all counts.

Defendant Patterson's Motion for Acquittal or a New Trial (Dkt. 232) is hereby denied. Since Patterson is attacking the sufficiency of the evidence against him, the court reviews the evidence in the light most favorable to the government, and grants an acquittal only if no reasonable juror could have found Patterson guilty. *See United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000). Similarly, a new trial is warranted only if there are errors in the original trial which would support a reversal on appeal. *United States v. Walters*, 89 F.Supp.2d 1206, 1213 (D.Kan. 2000).

The defendant concedes that the court properly instructed the jury that it must find interdependence between the conspirators, and otherwise properly instructed the jury as to the elements of a conspiracy. Further, as the court instructed the jury, the government need not prove that a conspirator played a major role in the conspiracy, or that he was familiar with the detailed

activities of all its members. *United States v. Mendoza-Salgado*, 964 F.2d 993, 1005 (10th Cir. 1992). A conspiracy may be shown by inference from the actions of a party and by circumstantial evidence shown that parties have acted in concert. *United States v. Torres*, 53 F.3d 1129, 1134 (10th Cir. 1995). Further, as the court instructed the jury, a conspiracy does not require any formal or express agreement. *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1129 (10th Cir. 2004).

The defendant's argument concedes the recorded conversations demonstrate that Patterson was actively inquiring as to Redd's prices for cocaine, but asserts they were nothing more than "window shopping," since he had no money. A reasonable juror, however, taking into account all of the evidence in trial could have concluded that those conversations were more than idle talk. There is no requirement that the government prove Patterson knew all of the details of the conspiracy, or even all of its members. Nor is it required that the government prove that Patterson paid for the drugs on a cash basis. First, the jury could have concluded that Patterson's claims of not having money were merely part of his bargaining strategy, as other evidence indicated that Patterson had money to pay for marijuana from another defendant. Second, while actively soliciting the purchase of drugs, Patterson also suggested that Redd either "front" him the drugs, or allow him to barter for the drugs.

Regardless of the details of the purchase and financing, the jury could reasonably conclude that there was an agreement to distribute cocaine for their mutual benefit. Patterson knew that Redd was a "kilo" dealer, and would have understood that Redd would act in concert with other persons to obtain the cocaine he desired. The recorded conversations included discussions of how the distribution could occur, and how it might be assisted by tactics such as the use of coded language during cell phone communications. The actions of the members of the conspiracy show that the

members were taking essential and integral steps toward the realization of the conspiracy's objective, thereby demonstrating the necessary level of interdependence required for a criminal conspiracy.

The court also rejects the defendant's claim that evidence was introduced at trial contrary to *Bruton*, which held that a co-defendant's confession should not be introduced as evidence during a joint trial. Bradley and Smart testified as to what Redd told them during the course of the conspiracy. Redd's statements were not testimonial in nature, but described the nature of what he understood to be an ongoing conspiracy, and thus were admissible in evidence pursuant to Fed.R.Evid. 801(d)(2)(E). Since the statements were independently admissible, *Bruton* does not prohibit their introduction. *United States v. Ramirez*, 479 F.3d 1229, 1248 (10th Cir. 2007).

IT IS ACCORDINGLY ORDERED this 18th day of January, 2011 that the defendant's Motion for Acquittal or New Trial is hereby denied.


s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE