IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

           Plaintiff,

vs.                   Case No. 09-10099-04-JTM

Adrian Patterson,

           Defendant.

MEMORANDUM AND ORDER

The defendant Adrian Patterson was convicted of numerous of drug charges, including conspiracy to possess with intent to distribute five kilograms or more of cocaine. He appealed this conviction, and the judgment of this court was subsequently affirmed by the Tenth Circuit. United States v. Patterson, 713 F.3d 1327 (2013). The matter is now before the court on the defendant's Motion for Relief pursuant to 28 U.S.C. § 2255. For the reasons provided herein, Patterson's motion and the request for an evidentiary hearing are denied.

To support a claim of ineffective assistance of counsel, a petitioner under § 2255 must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> For the first prong, they "must show that counsel's representation fell below an objective standard of reasonableness," considering all the circumstances. [466 U.S.] at 688. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

> challenged action might be considered sound trial strategy." *Id.* at
> 689 (internal quotation marks omitted). "It is 'all too tempting' to
> 'second-guess counsel's assistance after conviction or adverse
> sentence.' The question is whether an attorney's representation
> amounted to incompetence under 'prevailing professional norms,' not
> whether it deviated from best practices or most common custom."
> *Harrington v. Richter*, ___ U.S. ___, ___, 131 S.Ct. 770, 788, 178
> L.Ed.2d 624 (2011) (citations omitted) (quoting Strickland, 466 U.S.
> at 689, 690).

*United States v. Gallant*, ___ Fed.Appx. ___, 2014 WL 1613334, *2 (10th Cir. 2014).

The district court will hear evidence relating to a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not needed if the factual matters raised by the defendant's § 2255 motion may be resolved on the record before the court. *See United States v. Kilpatrick,* 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept.2, 1997) (conclusory allegations do not warrant hearing); *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422–23 (10th Cir.1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

In his motion, Patterson presents five grounds for collateral relief. He argues (1) his counsel "knowingly waived [the] wiretap argument," (2) that counsel sought "relief on [the] wrong indictment," (3) counsel presented "improper argument for relevant conduct," (4) counsel failed to obtain "suppression of wiretap evidence," and (5) that his appellate counsel Kenneth Scott Williamson and Brian D. Mayo failed to fully communicate with him.

Although presented as separate claims, it is apparent that the defendant's arguments overlap; his first four contentions are actually two. Both the first and fourth grounds attack the admission of the wiretap evidence. Asked in the motion form to set forth the supporting facts for his claims, Patterson writes with respect to the first ground merely that "waiving the wiretap argument allows illegal evidence to be used against me." His fourth ground explains that the failure to suppress the wiretap evidence was error because "[i]t is now known and argued that using phone records and towers must have warrant and should never been allowed to be used against me." (Dkt. 448).

These grounds are insufficient for relief under § 2255. The defendant's counsel actively challenged the admission of the wiretap evidence prior to trial and on appeal. The Court of Appeals determined that appellate counsel's manner of presenting this argument was insufficient under Fed.R.App.Pr. 28(a)(9)(A), and refused to consider this issue on its merits. Patterson, 713 F.3d at 1250. Here, the defendant has failed to show any error in the admission of the wiretap evidence. This court previously determined the evidence was admissible, and finds no basis for reaching a different conclusion now.

Both the second and third grounds are simple factual denials of the existence of any conspiracy. As to the second ground, Patterson explains:

> Quantity stated on my behalf had nothing to do or was relevant with other accused in conspiracy. Me and no one else ever conspired so therefore my indictment should have never been relevant to anyone elses charges. Richard Smart clearly stated that he never communicated or even know me in his testimony. Frederick Bradley also testified that he never did business with.

(Dkt. 448, at 8. On the third ground, Patterson states:

> I was convicted of conspiracy to distribute 5 kilograms or more of cocaine. However, I never agreed to possess or distribute any quantity of cocaine. No evidence presented in indictment or discovery verifies that I knowlingly and willingly had a buyer or seller relationship with any accused conspirators.

3

(*Id.*, at 5).

Both grounds for relief challenge the sufficiency of the evidence of a conspiracy. The defendant's appellate counsel actively challenged his conviction on this basis, and the Tenth Circuit rejected the argument, finding that, "[v]iewed in the light most favorable to the government, a rational juror could draw the conclusion from this evidence that Patterson was involved in a conspiracy to distribute cocaine." *Patterson*, 713 F.3d at 1246.  "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255 *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) . *See also United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994).

Finally, Patterson's argument that his appellate counsel did not fully communicate with him is insufficient grounds for relief . Even assuming this were the case, he has not shown how the lack of communication was prejudicial. That is, Patterson has failed to demonstrate that, had additional communication occurred, his direct appeal would have yielded any result more favorable to him.

IT IS ACCORDINGLY ORDERED this 28th day of July 2014 that the defendant's Motion for Relief (Dkt. 448) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE